IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ranae Nicol, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120176-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| Department of Workforce Services, | ) | |
| Workforce Appeals Board, | ) | 2012 UT App 360 |
| | ) | |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Sam N. Pappas, Salt Lake City, for Petitioner
                    Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges Orme, Davis, and Christiansen.

¶1     Ranae Nicol petitions for review of the Workforce Appeals Board's (the Board) decision affirming the denial of benefits and finding that Nicol was discharged for just cause.  We decline to disturb the Board's decision.

¶2     A claimant is ineligible for unemployment benefits if he or she was discharged for just cause.  *See* Utah Code Ann. § 35A-4-405(2)(a) (LexisNexis 2011).  The determination of whether an employer had just cause to terminate an employee is a mixed question of law and fact.  *See Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372.  This court will uphold the Board's decision applying law to facts "so long as it is within the realm of reasonableness and rationality."  *See Arrow Legal Solutions Grp., PC v. Workforce Servs*, 2007 UT App 9, ¶ 6, 156 P.3d 830.

¶3    To establish just cause for a termination, the elements of culpability, knowledge, and control must be shown. *See* Utah Admin. Code R994-405-202. Nicol does not challenge the Board's factual findings or its determination that the elements of control and knowledge were established. She challenges only the Board's determination that culpability was established.

¶4    Culpability is established if the conduct causing the discharge is "so serious that continuing the employment relationship would jeopardize the employer's rightful interest." *Id.* R994-405-202(1). The Board found that Nicol had intentionally violated the employer's policy against performing transactions on one's own account and that such conduct sufficiently jeopardized the employer's rightful interests that an immediate discharge was necessary. Because of the seriousness of the conduct and the importance of the legitimate and reasonable policy in protecting financial and regulatory objectives, the Board determined that the element of culpability was established. The Board's determination was both reasonable and rational.

¶5    Nicol reversed fees that she thought to be in error on an account that she shared with her son. The bank policy prohibited employees from manipulating their own accounts. The policy handbook identified this policy as one that would be cause for immediate discharge if violated. Nicol knew of the policy. Prior to reversing the charges on her account, she asked a supervisor about the suggested transaction and was told that if she reversed the fees, she would do so at her own risk. Even with this warning, Nicol reversed the fees on her own account. The transaction was identified during a routine audit and Nicol was questioned about it. She admitted responsibility and acknowledged that it was a mistake to do the transaction. Based on her deliberate violation of the policy, Nicol was discharged.

¶6    On review, Nicol argues that the Board erred because it did not apply a balancing test under rule 994-405-202(1) of the Utah Administrative Code and *Gibson v. Department of Employment Security*, 840 P.2d 780 (Utah Ct. App. 1992), evaluating an employee's interests against those of the employer in determining whether the conduct was culpable. Her argument fails for two reasons. First, the issue of the balancing test that she raises was not timely presented to the Board for consideration and therefore may not be appropriately raised before this court on review. Nicol timely filed her appeal of the administrative law judge's decision, but she did not file a timely memorandum supporting her appeal. Thus, her balancing argument was not

considered by the Board since the memorandum was not received until after the Board had considered her appeal.

¶7     Nicol filed the memorandum with her request for reconsideration, but the memorandum appears to be beyond the scope of review on reconsideration. A request for reconsideration may be made when there has been a change in conditions or if there was a mistake as to the facts. *See* Utah Admin. Code R994-508-401(2). A change of conditions may include a change in the law. *See id.* R994-508-401(2)(a). "A mistake as to facts is limited to material information which was the basis for the decision." *Id.* R994-508-401(2)(b). A mistake of fact does not include an error in the application of the statute or rules. *See id.* Nicol does not assert a change in condition or a mistake of fact but rather challenges the Board's application of the law to the facts by arguing that the Board should have applied a balancing test to determine whether culpability was shown. Under the rule, that is beyond the scope of reconsideration. *See id.* Generally, issues not raised in the agency proceedings are considered waived and will not be considered by a court on review. *Esquivel v. Labor Comm'n*, 2000 UT 66, ¶ 34, 7 P.3d 777.

¶8     Second, even if Nicol's argument can be considered preserved, the balancing test does not sway in her favor. She asserts that the Board should have considered her work record, length of employment, and the likelihood that the conduct would be repeated, and weighed those factors against the seriousness of the offense and the employer's interests. Here, Nicol had been employed for just over one year. Her work record was positive for the time she was there. However, this does not outweigh the seriousness of her conduct and the extent to which it jeopardizes the employer's interests.

¶9     Nicol intentionally violated a rule prohibiting manipulating one's own account, knowing that it was inappropriate and that she would be subject to discipline. She completed the transaction even after being told that doing so would be at her own risk. Based on her deliberate choice to put her own interests above bank policy, Nicol called into question her reliability in her position, which, by its nature, permitted access to accounts and funds. The bank had a legitimate interest in controlling access to accounts, and Nicol's failure to adhere to policy jeopardized that interest. In addition, because it was a deliberate choice, this does not appear to be a "good faith error in judgment." Rather, Nicol reversed the fees while fully aware of the inappropriateness of her actions. Accordingly, the Board's determination that Nicol's conduct was "so

serious that continuing the employment relationship would jeopardize the employer's rightful interest" is rational and reasonable, and culpability is established.

¶10    As a result, we decline to disturb the Board's decision.

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge